.(20 App. Div. 375.)

DOUSHKESS v. BURGER BREWING CO., Limited.

(Supreme Court, Appellate Division, First Department. August 4, 1897.)

1. CONTRACT TO LOAN MONEY—ACTION FOR BREACH.
    The plaintiff, a saloon keeper, whose fixtures were covered by a chattel mortgage for $600, contracted with defendant, a brewing company, whereby the latter agreed to loan him $700 on demand, taking another mortgage on the same property as security, the amount so loaned to be used principally in payment of the existing incumbrance. Collaterally, the brewing company agreed not to demand payment of the loan while the plaintiff handled their beer exclusively. The brewing company only loaned plaintiff $100, and did not pay off the first mortgage, which was foreclosed, and the property sold. *Held*, that the plaintiff could recover damages, having sustained substantial pecuniary injury by the breach.

2. SAME—MEASURE OF DAMAGES.
    The true measure of damages was the difference between the value of the property and the amount of the incumbrances upon it.
    Van Brunt, P. J., dissenting.

Appeal from trial term, New York county.

Action by Israel Doushkess against the Burger Brewing Company, Limited, for breach of contract. From judgment for plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and PARKER, JJ.

John Fennel, for appellant.
Terry Smith, for respondent.

PATTERSON, J. The averments of the complaint herein set forth a cause of action for damages for the breach of a contract to loan the plaintiff a certain sum of money. The answer substantially admits the making of the contract, but sets up special matter in excuse and justification of nonperformance of it. It appeared in evidence on the trial that the plaintiff was the owner of, and had in his possession, certain fixtures and chattels, constituting the equipment of a liquor saloon in Madison street, in the city of New York. On the 1st day of May, 1894, that personal property, and also a liquor

tax certificate, were subject to a chattel mortgage which the plaintiff had given to the Consumers' Brewing Company, of the city of New York, and at that time that chattel mortgage was a lien upon the whole property, and was payable on demand. On that day, one Prince, who was the representative of the defendant, agreed with the plaintiff to loan him the sum of $700, and to take from him his promissory note, payable on demand, for that amount, to be secured by a chattel mortgage upon the same property covered by the chattel mortgage to the Consumers' Brewing Company. At about the same time, Prince, on behalf of the defendant, made an arrangement with the plaintiff by which the latter agreed to sell in his beer saloon only beer manufactured by the defendant, in consideration of which, and as collateral to the agreement for the loan, the representative of the defendant stipulated that he would not call for the payment of the mortgage so long as the plaintiff dealt exclusively in beer manufactured by and purchased from the defendant; and it was shown in evidence that this collateral contract was of the same general character as one that had been made between the plaintiff and the Consumers' Brewing Company, and that such contracts were usual between brewers and their customers. The obvious purpose of the defendant in making the agreement, and the consideration inducing it, was the securing of the trade of the plaintiff by making him its customer, and taking him away from a rival dealer. It is unnecessary to refer to the affirmative defenses, for the issues as to them were submitted to the jury as requested by the defendant, and upon conflicting evidence the jury found on these issues in favor of the plaintiff.

The real question involved here is as to the liability of the defendant for the breach of the contract. The contention is made that the plaintiff is not entitled to recover substantial damages, because the terms of the contract contemplated a loan on demand, and it is claimed that there is nothing in the evidence to show that any substantial damages resulted from the breach of the contract. We had occasion to consider the general question of the liability of a person for the breach of a contract to loan money payable on demand in the case of Goldsmith v. Trust Co., 5 App. Div. 104, 38 N. Y. Supp. 1032, and it was there pointed out that each case brought upon such a contract must stand upon its own peculiar facts, and that no general rule can be laid down as to what constitutes substantial damage for the breach of such a contract. It is unnecessary to reiterate what was there said, or to refer again to the case of Bradford, E. & C. R. Co. v. New York, L. E. & W. R. Co., 123 N. Y. 316, 25 N. E. 499. The principle upon which liability accrues for the breach of such a contract was correctly stated in this case by the learned judge in his charge to the jury, namely, that generally there can be no recovery of damages for the failure to loan money, when, according to the contract of loan, it is to be payable on demand, and that the case must be an exceptional one which authorizes a recovery for the breach of such a contract. The facts in this case show that it is an exceptional one, and it is now disposed of, as was the Goldsmith Case, upon its exceptional state of facts. The defendant evidently

was seeking to make the plaintiff one of its customers. It knew the situation of the plaintiff, and his relations to the Consumers' Brewing Company. Desiring to make the plaintiff one of its new customers, it offered him the inducement of loaning him on his fixtures and personal property (exclusive of stock) in his liquor saloon the sum of $100 more than had been loaned him by the Consumers' Brewing Company. It offered him this inducement to become its customer, and to accept its accommodation. One hundred dollars were given in money by the representative of the defendant. The plaintiff executed and delivered to the defendant a mortgage upon his property for the amount of $700, and, not only did he deliver it, but the defendant placed it on file, so as to make it a lien upon all the property mentioned in the schedule. But the $600 that remained were not paid, and the defendant assumed the obligation, and made the distinct promise that that sum of $600 would be paid by it to the Consumers' Brewing Company, and the mortgage of the Consumers' Brewing Company thus be satisfied and extinguished. The defendant undertook to do that itself, to which the plaintiff assented, and thus the whole consideration of the mortgage was to be paid. The defendant did not pay the Consumers' Company that money. The plaintiff continued to buy the beer of the defendant, and to sell no other beer, and discontinued his relations with the Consumers' Company, which latter company, not being paid on demand the money secured by its mortgage, seized the property covered by it, and sold it; and this was simply brought about as a consequence of the defendant's neglect to pay the $600, part of the consideration of the mortgage which it held and had placed on file; and by reason of that mortgage being thus a lien upon the property, it was impossible for the plaintiff to raise elsewhere the money with which to discharge the Consumers' Brewing Company mortgage, for all of the property did not exceed in value the sum of $900 and the surrender value of the license. The lien standing upon it held by the defendant was $700, and therefore there was a mere balance not to exceed $300. The learned judge was right in his charge when he stated what the claim of the plaintiff was with reference to his inability to raise money to pay the loan of the Consumers' Company. Although the plaintiff may not have formulated it in the words in which it was presented to the jury by the court, the language used by the court was a correct statement of what the claim of the plaintiff was. The loss to the plaintiff by the foreclosure was the direct result of the failure of the defendant to apply the money according to its promise to satisfy the Consumers' Company lien. Had the money been used as the defendant agreed to use it, the property would have been saved to the plaintiff; and the excuse for not advancing it being, by the verdict of the jury, an insufficient one, the responsibility for the loss to the plaintiff rests upon the defendant.

The only remaining question is as to the measure of damages. There was nothing whatever in the evidence to justify any recovery for the loss of profits. But the real measure of damages in this case is the difference between the value of the property and the amount

of the liens upon it.    This property cost the plaintiff $900.    The tax certificate had a surrender value.    It had 10 months to run. The surrender value was $180; that is to say, the value of the unexpired term of the license was that sum.    Only a few weeks before the foreclosure the plaintiff bought the saloon equipment for the sum of $900, and there is evidence from which it may be inferred that that was about its fair value.    The defendant advanced $100 to the plaintiff, and the property was subject to a lien of $600, and therefore the plaintiff's interest in it was about the sum of $200.    The value of the license—$180—should be added to this sum.    The verdict of the jury was for $425, of which sum $50 was for expenses of the foreclosure proceeding.    Those expenses were allowed by the jury as damages sustained by the plaintiff, and that was properly done, because, under the terms of the chattel mortgage to the Consumers' Brewing Company, it was stipulated that from the proceeds of sale under that mortgage, if one were had, should be deducted the charges incurred in the foreclosure.    The verdict of the jury was for five dollars less than the plaintiff was entitled to, and, the amount fixed by them not being in excess of that to which the plaintiff was entitled, no occasion exists for interfering with the verdict.

The judgment should be affirmed, with costs.    All concur, except VAN BRUNT, P. J., dissenting.