Bertram F. Stern, Respondent, *v.* Premier Shirt Corporation et al., Appellants.

(Argued October 20, 1932; decided November 22, 1932.)

*Jacob S. Demov* and *Lazarus Joseph* for appellants. The portion of the contract upon which the first cause of action against the individual defendants is based, is too indefinite to permit any recovery of damages thereunder by the plaintiff. (*United Press* v. *New York Press*, 164 N. Y. 406; *Flaherty* v. *Carey*, 62 App. Div. 116; 174 N. Y. 550; *Hart* v. *Tompson*, 39 App. Div. 668; *Royal Bank* v. *Williams*, 220 App. Div. 603; *Petze* v. *Morse Dry Dock*, 125 App. Div. 267; *Garcin* v. *Grandville Iron Co.*, 137 Misc. Rep. 648.) The complaint fails to state facts and the plaintiff failed to prove upon the trial sufficient facts

to constitute any cause of action as against the individual defendants. (*Abbott* v. *Harbeson Textile Co.*, 162 App. Div. 403; *Hart* v. *Tompson*, 39 App. Div. 668.) There was a failure of proof of damages. (*Janvier* v. *Baker*, 229 App. Div. 679; *Bernstein* v. *Meech*, 130 N. Y. 354; *Dodds* v. *Hawks*, 114 N. Y. 261.)

*Gabriel Rubino, Samuel L. Sargent* and *Harry Kutscher* for respondent. The agreement under the terms of which the defendant corporation was organized was not indefinite. (*Roberge* v. *Winne*, 144 N. Y. 709; *Weintraub* v. *Kruse*, 234 N. Y. 575; *Wertheimer* v. *Boehm*, 241 N. Y. 575; *Ehrenworth* v. *Stuhmer & Co.*, 229 N. Y. 210; *Wells* v. *Alexandre*, 130 N. Y. 642; *Edison El. Ill. Co.* v. *Thacher*, 229 N. Y. 172; *Schlegel* v. *Cooper's Glue Factory*, 231 N. Y. 459; *Phillip-Jones Co.* v. *Reiling & Schoen*, 193 App. Div. 716; *New York Central Iron Works Co.* v. *U. S. Radiaton Co.*, 174 N. Y. 331; *Cohen & Sons* v. *Lurie Wooler Co.*, 232 N. Y. 112; *Smith* v. *United Traction & Electric Co.*, 49 App. Div. 641; 168 N. Y. 597; *Nassau Supply Co.* v. *Ice Service Co.*, 252 N. Y. 277.) To determine plaintiff's damages, past earnings are to be considered as a measure of prospective earnings. (*Wakeman* v. *Wheeler & Wilson Mfg. Co.*, 101 N. Y. 205; *Bagley* v. *Smith*, 10 N. Y. 489; *Humphrey* v. *Trustees of Columbia University*, 228 App. Div. 168; *Hiltop Sand Corp.* v. *Simpson*, 225 App. Div. 467; *Janvier* v. *Baker*, 229 App. Div. 679; *Palmer* v. *New York Herald Co.*, 228 App. Div. 176; 255 N. Y. 572.)

CROUCH, J. In July, 1927, the plaintiff was employed by the individual defendants as a shirt salesman under a contract running to December, 1928. In January, 1928, a second contract was entered into providing for the formation of the defendant corporation, the stock in which should be held one-half by the plaintiff and one-half by the individual defendants. The proposed corporation was mentioned therein as party of the third

part. After incorporation, it ratified the contract as written. The contract provided, among other things, that plaintiff was to have a drawing account of $150 per week up to $1,000, and the individual defendants engaged to furnish as loans the money necessary to carry on the business.

The business of the corporation, thus organized, was carried on only for two months. Plaintiff was advanced $150 a week for four weeks, and on February 28, 1928, he was told that no further money would be furnished for the business and that he should get out. He did so and obtained employment elsewhere. Thereafter this action was brought against the corporation and the individual defendants. The cause of action against the corporation was the failure to advance $400, the balance of the $1,000 drawing account. That against the individuals was to recover damages for the breach of their agreement to finance the corporation. One answer was served on behalf of all the defendants and the case proceeded to trial. Plaintiff had a verdict for $400 against the corporation and for $2,100 against the individual defendants. One judgment was entered on the verdict. There was a unanimous affirmance in the Appellate Division. No substantial objection is made to the judgment against the corporation, and it may be affirmed without discussion.

As to the judgment against the individuals, two contentions are made. The first is that the agreement to finance the business of the corporation is too indefinite for enforcement. The agreement provided for quarterly accountings and payment of loans before any division of profits; also, the plaintiff's stock was to be held by the individual defendants as security for the loans. The only substantial point of uncertainty was the amount to be loaned. That was measured by what would be " sufficient  *  *  *  to carry on the business." Similar engagements are common enough among business men.

Agreements to sell or to buy what will be " needed " or " required " have been enforced by the courts with little difficulty, where the surrounding circumstances indicate the approximate scope of the promise. (*Wells* v. *Alexandre*, 130 N. Y. 642; *N. Y. C. Iron Works Co.* v. *U. S. Radiator Co.*, 174 N. Y. 331; *Ehrenworth* v. *Stuhmer & Co.*, 229 N. Y. 210.)

The evidence here is that the individual defendants were manufacturers of shirts. For six months before this contract was made, plaintiff was in their employ and was in full charge of a department of their business which sold shirts to jobbers, chain stores and mail order houses. The formation of a corporation to take over and carry on that department of the business, thereby in effect making plaintiff a principal instead of a mere employee, was under consideration during that period. This contract made in January, 1928, was the outcome. It recites that the parties desired to combine their efforts in the manufacture and sale of shirts to jobbers, chain stores, mail order houses and large department stores. Incorporation was the means adopted to bring about that result. Neither party paid anything to the corporation for the stock. Both plaintiff and defendants were to continue doing what they had been doing, the defendants manufacturing and the plaintiff selling. It is clear that all parties — and particularly the defendants — were familiar with the financial requirements of the business and knew well what would be sufficient to carry it on. That required amount is susceptible of proof and hence the agreement may not be said to have been indefinite.

The second contention relates to the measure of damages. Plaintiff's theory was that he might recover what he had lost by giving up his original contract of employment. But that contract, so far as executory, was discharged by the new contract, and no rights thereunder were reserved. (*McCreery* v. *Day*, 119 N. Y. 1.)

There is no claim of fraud. The action is at law for damages caused by defendants' breach of their agreement to loan money. Under the facts of this case, the damages should be measured by the profits which plaintiff may be able to show with reasonable certainty were lost to him by the breach. (*Bagley* v. *Smith*, 10 N. Y. 489; *Dart* v. *Laimbeer*, 107 N. Y. 664; *Doushkess* v. *Burger Brewing Co.*, 20 App. Div. 375.)

The judgment against defendant Premier Shirt Corporation should be affirmed, with costs, and the judgment against the defendants Jacob Freezer and Irving Freezer should be reversed and a new trial granted, with costs to abide the event.

POUND, Ch. J., LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur; CRANE, J., dissents and votes to dismiss the complaint as against all defendants on the ground that the contract sued upon is too vague and uncertain to be enforced at law.

Judgment accordingly.