Dye, J.
In this action for money damages the plaintiff, a licensed insurance agent, seeks to hold the defendants Freydberg to an alleged implied promise to place ‘ ‘ through and by ’ ’ him policies of life insurance on their lives and the lives of other officers and stockholders of a complex of close corporations owned and controlled by them in furtherance of a comprehensive plan designed to insure continued control of the corporations by the surviving stockholders and to provide adequate funds to meet tax liabilities and claims of the estate of a party in interest in the event of death.
Ooncededly, the plaintiff submitted a plan. However, the Freydbergs, in implementing the plan, did not buy the policies through and by him, but placed the business with a person connected with their organization (who had been licensed for that very purpose) in the same life insurance company as was represented by this plaintiff. He seeks damages in an amount equal to the commissions and renewal commissions he would have received on the insurance policies, had they been placed with him. He claims that the plan he devised and submitted, and which the defendants acted upon, affords the necessary consideration to support their promise.
To hold that circumstances such as here described give rise to an enforcible contract for payment of commissions on policies of insurance to be written would open the door to an entirely new field of liability. Even though we accord the plaintiff’s proof the benefit of the best inference rule, it remains insufficient as matter of law to establish the existence of either a bilateral or a unilateral contract. At the time the request for the submission of a plan was made, there was no accompanying promise to place the required insurance in the company represented by the plaintiff. Although a promise need not be express, we find no basis on which this alleged conduct creates an obligation, by implication, to pay.
*396 The most that appears is that the plaintiff acted with high hopes and great expectations that his past personal friendship with the principals, coupled with his co-operation and suggestions, would induce them to buy the required policies through him. Such a belief on his part may have been warranted; nonetheless, it was purely subjective and fell short of establishing a cause of action. It was not until after the plan had been devised and submitted that any assurances were given that the policies would be bought through him. Such assurances, although in the nature of promises, came too late to benefit the plaintiff. He had already performed what he had undertaken to do. His past performance, although rendered upon request, afforded no consideration for the belated oral promises (Blanshan v. Russell, 32 App. Div. 103, affd. 161 N. Y. 629; cf. Personal Property Law, § 33, subd. 3).
The judgment appealed from should be affirmed, with costs.