■ ARCAN TRANSPORTATION, INC., et al., Respondents, v MARINE MIDLAND BANK-WESTERN, Appellant.—Order unanimously reversed, with costs, and defendant's motion for judgment granted. Memorandum: This action was brought by plaintiffs to recover damages caused by defendant's alleged breach of an oral working capital agreement and its failure pursuant to such agreement to give plaintiffs extensions on certain monetary obligations. In its answer defendant raised four affirmative defenses which were that the claimed agreement violated the Statute of Frauds, that the claimed agreement was unenforceable due to indefiniteness, collateral estoppel and failure to meet conditions precedent. Defendant appeals from an order denying its motion for summary judgment made pursuant to CPLR 3212. We find no merit in defendant's contention that the instant action is barred by collateral estoppel. The record shows that defendant previously commenced four suits against plaintiffs which involved defaults on other monetary obligations and which ended in default judgments. In these suits, plaintiffs withdrew their answers prior to trial and precluded a determination of the issues contained therein. Defendant has failed to meet its burden of showing that the issues necessarily resolved in the four prior actions were identical to the issues raised in the present action (see *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71, 73). Although defendant has failed to show that the instant action is barred by collateral estoppel, judgment should nevertheless be entered for defendant on the ground that the alleged oral working capital agreement is too indefinite to be enforceable. There were no limits set on the promise to provide working capital. No interest rate was discussed, no repayment schedule was formulated and, more importantly, there was no limit set on the amount of working capital that defendant would be required to advance. In addition, at the time plaintiffs' operation began, there were no frames of reference that could, with reasonable certainty, fix defendant's future obligations under the agreement (compare with *Stern v Premier Shirt Corp.,* 260 NY 201). Therefore, the working capital agreement was too indefinite to be enforceable (see *Biothermal Process Corp. v Cohu & Co.,* 283 App Div 60; *Royal Bank of Canada v Williams,* 220 App Div 603; *Silvera v Safra,* 79 Misc 2d 919). With respect to the alleged extensions given by defendant, it is unnecessary to discuss their validity since, if they are considered components of the working capital agreement, they too are invalid due to the indefiniteness of that agreement. On the other hand, if they are considered independent contracts, they are still unenforceable due to a lack of consideration (see 1 Williston, Contracts [3d ed], § 122, p 514). (Appeal from order of Erie Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Cardamone, Mahoney and Dillon, JJ.