■   GOOD KARMA PRODUCTIONS, LTD., Respondent, v PENTHOUSE INTERNATIONAL, Appellant.—Judgment of the Supreme Court, New York County, entered June 5, 1978, awarding plaintiff damages in total sum of $25,292.50, unanimously reversed, on the law and the facts, and the matter remanded for a new trial, with costs and disbursements to abide the event. The charge concerning the formation of a contract was incomplete and inadequate as it failed to explain what essentially must be found in order for the jury to conclude that, as stated by the trial court, "the parties have actually come

to an agreement [contract]" (see *Arcan Transp. v Marine Midland Bank-Western,* 54 AD2d 1103; 9 NY Jur, Contracts, § 18; *Sanders v Pottlitzer Bros. Fruit Co.,* 144 NY 209, 214). Further, it was improper to instruct the jury that, if it believed plaintiff on the issue of apparent authority, "there is sufficient evidence in the record to warrant a finding that an oral agreement was properly made by an officer who had cleared whatever internal procedures were requisite to continuing negotiations with plaintiff culminating in an oral agreement." This portion of the charge was tantamount to a direction by the court that if the jury found that Mr. Ernest, defendant's vice-president, had authority to negotiate with plaintiff, an oral agreement resulted. Finally, it was error for the court to permit the attorney representing plaintiff in the negotiations with defendant to express her opinion that there was an oral contract between the parties. This was not a matter for "expert" opinion. Whether there was or was not an oral contract was an issue solely for the jury *(Kulak v Nationwide Mut. Ins. Co.,* 40 NY2d 140, 147). On the issue of damages, plaintiff's witnesses testified that under the alleged contract, defendant agreed to assume the costs for advertising plaintiff's product. The court should have charged, as requested by defendant, that the jury was not to consider these costs in assessing plaintiff's damages (see *Freund v Washington Sq. Press,* 34 NY2d 379, 382-383). Concur—Birns, J. P., Fein, Markewich, Lupiano and Ross, JJ.