■ BESSIE FRANKLIN, Respondent, v CARPINELLO OIL COMPANY, INC., Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered February 11, 1980 in Albany County, upon a verdict rendered at Trial Term (Pitt, J.). In separately stated causes of action in negligence, express contract and implied contract, plaintiff sought to recover damages to her home following a fire which she claimed was caused by defendant's failure to clean her furnace in the summer of 1976. Plaintiff's testimony, which consisted of reading the transcript of her examination before trial to the jury, was unclear, at times contradictory, and minimally adequate in establishing an unwritten agreement between the parties based on defendant's prior conduct over a period of years, that defendant had at least impliedly agreed to clean plaintiff's furnace each year before the onset of the heating season. At the close of the case, defendant's motion to dismiss the complaint was denied. The trial court's charge, which mainly consisted of a recitation of common-law negligence principles, concluded with the statement: "You must decide and determine whether or not the plaintiff and the defendant had an unwritten agreement that the defendant would clean the burner * * * or that the defendant had a standing order to clean * * * and that its failure to perform this duty in 1976 was the proximate cause of the fire". Defendant objected to the charge and requested that the court separately charge the elements of the three causes of action. The court refused. After the jury returned a verdict in the sum of $12,052 in favor of plaintiff, defendant's motion to set aside the verdict was denied. This appeal ensued. Without agreement, express or implied in fact, there can be no contract. Without a contract there can be no breach of the agreement or a failure to perform the contractual duty with care. Here, the jury would initially have to find the existence of some contract between the

parties because, failing that, no contractual duty could be identified, the breach of which would create the cause of action in negligence. Where, as here, the duty, if any, exists by contract, it is essential that the trial court include in its charge instructions to aid the jury in determining if the requisite elements of a contract were established by what the parties said and what they did. No such instructions were given to the jury. In fact, the second and third causes of action were not given to the jury for its consideration. Further, no instruction was given to the jury with respect to plaintiff's burden of proving the existence of a contract and the negligent breach of the duty created therein. On this record, we refrain from deciding whether an express or implied contract existed in 1976 between the parties. Since neither of the contract actions was given to the jury, a new trial is necessary. Judgment reversed, on the law, and a new trial ordered, with costs to abide the event. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.