■ CUSHMAN & WAKEFIELD, INC., Respondent-Appellant, v EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant-Respondent.—Judgment, Supreme Court, New York County (Shirley Fingerhood, J.), entered April 21, 1988, upon a jury verdict in favor of plaintiff-respondent-cross-appellant for brokerage fees in the amount of $4,534,427.78 together with interest thereon, unanimously reversed, on the law, and the matter remanded for a new trial, without costs.

The trial court failed to instruct the jury properly on the alternate theory of contract liability, because it omitted the necessary element of promissory intent, required, under the circumstances, for the creation of a binding obligation based upon defendant's internal rules. In its pleadings, plaintiff alleged the existence of an exclusive brokerage agreement with defendant's Group Operations Area (GOA) beginning in 1981. In December 1982, it was decided that five of defendant's divisions, including GOA, would be "redeployed" to new quarters. The search for office space brought a plethora of solicitations from real estate brokers interested in doing business with defendant. To avoid conflicting claims among the brokers for commissions, defendant established a "clearing house" within the corporation and a procedure designed to identify the broker with which its employees should deal.

A February 1983 memorandum was sent to the five operating divisions, informing them that "all requests for visitations [of offered premises] must be approved in advance". Defendant's employee in charge of the clearing house testified that a file was kept indicating which broker had first submitted information to defendant regarding a particular piece of property. That broker would then be recognized by the clearing house for the property in question. An internal memorandum dated July 1983 further specified that if defendant's employees had not visited a site "with a real estate broker within the last 12 months, we see no obligation to any broker even if they submit data on the property provided that no subsequent discussions were entered into concerning the property." Plaintiff's witnesses testified that they were aware of the clearing house procedure. Correspondence, including a copy of the July 1983 memorandum sent to plaintiff, confirmed this.

In defense to the claim of an exclusive brokerage agreement, defendant relied on the clearing house rules to show

that plaintiff was but one of several brokers with which it did business. At the close of trial, however, the court converted this defense into an alternative theory of liability, instructing the jury: "If you find that plaintiff did not have an exclusive brokerage agreement, then plaintiff claims that pursuant to the clearing house rules, it was the broker who first brought 195 Broadway to defendant's attention, and that plaintiff was entitled to be the broker on that negotiation, according to the clearing house rules". The court, however, failed to instruct the jurors what was required in order for the clearing house rules to create an obligation that was binding upon defendant. Defendant took exception to the charge as given.

The expression of an intention or willingness to do something in the future does not give rise to contractual liability unless it is made with promissory intent. *(See, Arden v Freydberg,* 9 NY2d 393 [1961]; *Matter of Johnson,* 74 Misc 2d 788, 791 [Sur Ct, Nassau County 1973], citing 1 Williston, Contracts § 26 [3d ed]; *see also,* Restatement [Second] of Contracts § 26.) The Court of Appeals has refused to find that the expression of corporate policy in an employee manual creates a binding limitation on the employer's discretionary right to dismiss an at-will employee, absent evidence of promissory intent. *(Sabetay v Sterling Drug,* 69 NY2d 329 [1987]; *Patrowich v Chemical Bank,* 98 AD2d 318 [1st Dept 1984], *affd* 63 NY2d 541; *cf., Weiner v McGraw-Hill, Inc.,* 57 NY2d 458 [1982].)

The issue of whether defendant's clearing house rules constituted an offer when communicated to plaintiff, or were merely an expression of corporate policy made without any promissory intent, was a question of fact for the jury. The trial court, however, failed to instruct the jury adequately on this point and, inasmuch as it cannot be determined from the general verdict whether the jury found in favor of plaintiff based upon the claim of an exclusive brokerage agreement or a contract based on the clearing house rules, a new trial must be had *(Franklin v Carpinello Oil Co.,* 84 AD2d 613 [3d Dept 1981]; *Good Karma Prods. v Penthouse Intl.,* 74 AD2d 513 [1st Dept 1980]).

We have reviewed the other arguments raised on the appeal and cross appeal and find them to be without merit. Concur— Kupferman, J. P., Ross, Carro, Rosenberger and Ellerin.