PAULETTE SCHAFFE, Respondent, v MICHELLE SIMMSPAR-
RIS et al., Appellants. [918 NYS2d 531]—

On April 22, 2008, the plaintiff tendered a $55,000 check made payable to the defendant law firm, SimmsParris Maldonado Tehauno LLP (hereinafter SPMT). On the same date, the defendants tendered an allegedly undated $55,000 check to the plaintiff. This check was drawn on a SPMT bank account and marked "payment" in the memo notation portion of the check. The plaintiff alleges that the money she tendered was a loan which was due to be repaid on or before June 22, 2008. It is undisputed that the SPMT check to the plaintiff was subsequently dishonored for insufficient funds by the drawee bank. The defendants deny that any loan was made. Rather, they contend that the plaintiff retained SPMT to perform legal services on her behalf and for FMC Development LLC (hereinafter FMC), a corporation of which she was part owner.

The defendants allege that the $55,000 tendered by the plaintiff was an advance payment of legal fees, and that the check which was given to the plaintiff was intended as repayment of the advance, to be deposited only after SPMT had received payment for its fees from FMC. The defendants contend that they never received such payment from FMC and that the plaintiff fraudulently altered the SPMT check by inserting a date of July 2, 2008, and then deposited the check.

In September 2008 the plaintiff commenced this action, asserting a cause of action to recover damages for breach of contract and one sounding in fraud. The Supreme Court granted the plaintiff's motion for summary judgment without explanation.

For purposes of summary judgment, the opposing party's version of the facts must be accepted and viewed in the a light most favorable to them (see Rizk v Cohen, 73 NY2d 98 [1989]; Jablonski v Rapalje, 14 AD3d 484 [2005]).

Here, the plaintiff did not establish her prima facie entitlement to judgment as a matter of law on the cause of action alleging breach of contract. Although the plaintiff alleges that she loaned $55,000 to SPMT, there is nothing to show that the par-

ties entered into such an agreement or, indeed, any agreement which could serve as the underlying contract which the plaintiff claims was breached. Even the check which the plaintiff wrote to SPMT contains no notation that it was a loan, nor does it otherwise indicate its purpose. Moreover, other than the disputed allegations of the plaintiff, there is also no evidence that there was any meeting of the minds regarding the terms of the alleged loan (*see e.g. Central Fed. Sav. v National Westminster Bank, U.S.A.*, 176 AD2d 131 [1991]; *see also Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d 105 [1981]). It is axiomatic that "[w]ithout [an] agreement . . . there can be no contract [and] [w]ithout a contract there can be no breach of the agreement" (*Franklin v Carpinello Oil Co.*, 84 AD2d 613, 613 [1981]; *see Platt v Portnoy*, 220 AD2d 652 [1995]). Consequently, in the absence of proof that there was an agreement between the parties concerning an alleged loan, the plaintiff has failed to prove her entitlement to judgment as a matter of law on the cause of action alleging breach of contract (*see generally Zuckerman v City of New York*, 49 NY2d 557 [1980]).

The plaintiff also failed to prove her prima facie entitlement to judgment as a matter of law on the cause of action sounding in fraud (*see Small v Lorillard Tobacco Co.*, 94 NY2d 43 [1999]; *Nationscredit Fin. Servs. Corp. v Turcios*, 55 AD3d 806 [2008]).

Accordingly the plaintiff's motion for summary judgment should have been denied. In light of our determination, it is unnecessary to reach the defendants' remaining contentions. Prudenti, P.J., Eng, Belen and Sgroi, JJ., concur.