Accordingly, the Supreme Court properly denied the defendant's petition. Rivera, J.P., Hall, Roman and Christopher, JJ., concur.

■ BRUCE S. REZNICK et al., Respondents, v BLUEGREEN RESORTS MANAGEMENT, INC., Appellant. [62 NYS3d 460]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Martin, J.), dated April 27, 2016, as denied that branch of its motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action is granted.

In 2002, the plaintiffs allegedly purchased two time-share units from The Royal Suites at the Atlantic Palace in Atlantic City, New Jersey. According to the plaintiffs, beginning in 2008 and continuing through 2013, they made reservations at the front desk of the Atlantic Palace approximately six months to one year in advance and utilized both units during certain holiday periods. In or around August 2014, however, they encountered problems securing their reservations. In or about mid-November 2014, the defendant allegedly accepted the plaintiffs' reservations for the Thanksgiving holiday period provided, inter alia, that the plaintiffs accepted a one-bedroom

unit. Further, the plaintiffs were unable to reserve their two-bedroom unit for the 2014-2015 Christmas/New Year's week.

In November 2014, the plaintiffs commenced this action against Bluegreen Vacations Unlimited, Inc. (hereinafter Bluegreen Vacations), alleging two causes of action, breach of contract and bad faith. Bluegreen Vacations interposed an answer dated January 12, 2015, with affirmative defenses, denying the material allegations in the complaint and asserting that it failed to state a cause of action. In April 2015, Bluegreen Vacations moved pursuant to CPLR 3211 (a) to dismiss the complaint or, alternatively, for summary judgment dismissing the complaint. It also moved to stay discovery pending determination of the motion and for an award of costs, including reasonable attorneys' fees. The plaintiffs opposed the motion and cross-moved to amend the caption to reflect the name of the defendant as Bluegreen Resorts Management, Inc.

In an order dated April 27, 2016, the Supreme Court denied those branches of the motion which were pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action and pursuant to 22 NYCRR 130-1.1 (a) and (c) (1) for an award of costs. It denied with leave to renew upon completion of discovery that branch of the motion which was for summary judgment dismissing the complaint. The court also noted that in an order dated February 9, 2016, it had granted the plaintiffs' cross motion to amend the caption. Thus, Bluegreen Resorts Management, Inc., was the party defendant, and the court deemed the motion to dismiss as if it had been filed by Bluegreen Resorts Management, Inc. (hereinafter the defendant). The defendant appeals from so much of the order dated April 27, 2016, as denied that branch of its motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

"In determining a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must afford the pleading a liberal construction, accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Fox Paine & Co., LLC v Houston Cas. Co.*, 153 AD3d 673, 676 [2017]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Theaprin Pharms., Inc. v Conway*, 137 AD3d 1254, 1255 [2016]; *Allen v Echeverria*, 128 AD3d 738, 740 [2015]). While a court may consider evidentiary material submitted by a defendant in support of a motion to dismiss, the motion should not be granted unless this evidence shows "that a material fact claimed by the plaintiff to be one is not a

fact at all, and unless it can be said that no significant dispute exists regarding it" (*YDRA, LLC v Mitchell*, 123 AD3d 1113, 1114 [2014]; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]).

"The essential elements of a breach of contract cause of action are 'the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach' " (*Canzona v Atanasio*, 118 AD3d 837, 838 [2014], quoting *Dee v Rakower*, 112 AD3d 204, 208-209 [2013]). "Generally, a party alleging a breach of contract must 'demonstrate the existence of a . . . contract reflecting the terms and conditions of their . . . purported agreement' " (*Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 181-182 [2011], quoting *American-European Art Assoc. v Trend Galleries*, 227 AD2d 170, 171 [1996]). "It is axiomatic that '[w]ithout [an] agreement . . . there can be no contract [and] [w]ithout a contract there can be no breach of the agreement' " (*Schaffe v SimmsParris*, 82 AD3d 867, 868 [2011], quoting *Franklin v Carpinello Oil Co.*, 84 AD2d 613, 613 [1981]). A complaint that offers only conclusory allegations without pleading the pertinent terms of the purported agreement requires a court to speculate as to the parties involved and the conditions under which the alleged contract was formed (*see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d at 182). "In order to state a cause of action to recover damages for a breach of contract, the plaintiff's allegations must identify the provisions of the contract that were breached" (*Barker v Time Warner Cable, Inc.*, 83 AD3d 750, 751 [2011]; *see Canzona v Atanasio*, 118 AD3d at 839). Further, vague allegations suggesting that there may have been an agreement do not suffice (*see Theaprin Pharms., Inc. v Conway*, 137 AD3d at 1255).

Here, the Supreme Court erred in denying that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action. The complaint fails to allege the provisions of any contract between the plaintiffs and the defendant that the defendant breached when it allegedly failed to accept and facilitate the plaintiffs' requested reservations pursuant to prior practice. Furthermore, although the complaint alleged that Bluegreen Vacations and the defendant purchased the "time share building" and entered into a contractual relationship with the plaintiffs, the evidentiary material submitted by the defendant demonstrated that these material facts were not facts at all and that "no significant dispute exists regarding [them]" (*Guggenheimer v Ginzburg*, 43 NY2d at 275). Moreover, even afford-

ing the complaint a most liberal construction and according the plaintiffs the benefit of every favorable inference, it fails to allege that the plaintiffs were third-party beneficiaries under an agreement between the defendant and any other party or that such agreement was intended for its benefit (*see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d at 182; *Town of Oyster Bay v Doremus*, 94 AD3d 867, 869 [2012]).

The parties' remaining contentions are without merit, are improperly raised for the first time on appeal, or have been rendered academic by our determination.

Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action. Dillon, J.P., Barros, Connolly and Iannacci, JJ., concur.