Matter of Tyson v Town of Ramapo (2018 NY Slip Op 06746)





Matter of Tyson v Town of Ramapo


2018 NY Slip Op 06746


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-05090
 (Index No. 1012/16)

[*1]In the Matter of Yolanda D. Tyson, appellant, 
v
Town of Ramapo, et al., respondents.


Reynold A. Mauro, Commack, NY (Reynold A. Mauro of counsel), for appellant.
Feerick Lynch MacCartney & Nugent, PLLC, South Nyack, NY (Brian D. Nugent of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Town of Ramapo dated May 18, 2016, terminating the petitioner's employment as a police officer, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated April 4, 2017. The order and judgment granted the respondents' motion pursuant to CPLR 3211(a)(7) and CPLR 7804(f) to dismiss the petition, and in effect, denied the petition and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
The petitioner was employed by the respondent Town of Ramapo as a full-time civil service police officer. On October 29, 2013, the petitioner sustained an occupational injury for which she went on leave, and never returned to duty. During her absence, the petitioner continuously received Workers' Compensation benefits.
On May 19, 2016, after the petitioner was unable to return to work for more than two years due to her work related injury as defined in the Workers' Compensation Law, the respondents served the petitioner with a Notice of Termination, dated May 18, 2016, stating that she would be terminated from her employment as of June 24, 2016, pursuant to, inter alia, Civil Service Law § 71 (hereinafter Section 71) and a Memorandum of Agreement (hereinafter MOA) that had been executed by the Town and the Ramapo Police Benevolent Association, Inc. (hereinafter PBA). The MOA set forth a procedure that was agreed upon between the Town and the PBA to separate an officer from service pursuant to Section 71. The petitioner did not respond to the Notice of Termination, other than to request additional time, which was denied. The petitioner's employment with the Town was terminated as of June 24, 2016.
The petitioner then filed the instant CPLR article 78 petition seeking, inter alia, a determination that the respondents' decision to terminate her employment was arbitrary and capricious and beyond the authority vested in them. The respondents moved pursuant to CPLR 3211(a)(7) and 7804(f) to dismiss the petition, arguing that the petition failed to state a cause of action. The Supreme Court granted the motion and, in effect, denied the petition and dismissed the proceeding. The petitioner appeals.
"On a motion [to dismiss] pursuant to CPLR 3211(a)(7) and 7804(f), only the petition is considered, all of its allegations are deemed true, and the petitioner is accorded the benefit of every possible inference" (Matter of Brown v Foster, 73 AD3d 917, 918; see Matter of Johnson v County of Orange, 138 AD3d 850, 850-851). "When evidentiary material outside the pleading's four corners is considered, and the motion is not converted into one for summary judgment, the question becomes whether the pleader has a cause of action, not whether the pleader has stated one and, unless it has been shown that a material fact as claimed by the pleader is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Matter of Kunik v New York City Dept. of Educ., 142 AD3d 616, 618; see Guggenheimer v Ginzburg, 43 NY2d 268, 275; Reznick v Bluegreen Resorts Mgt., Inc, 154 AD3d 891, 892-893).
Here, the petitioner failed to state a cause of action with respect to her allegation that the respondents' determination to terminate her employment pursuant to Section 71 and the MOA was arbitrary and capricious, an abuse of discretion, in violation of lawful procedure, or affected by an error of law (see CPLR 7803[3]; Matter of Still v City of Middletown, 133 AD3d 864, 865; Matter of Kaplan v New York City Dept. of Hous. Preserv. & Dev., 124 AD3d 660). The evidentiary material submitted by the respondents demonstrated that material facts claimed by the petitioner were not facts at all, and that "no significant dispute exists regarding [them]" (Guggenheimer v Ginzburg, 43 NY2d at 275; see Reznick v Bluegreen Resorts Mgt., Inc, 154 AD3d at 892-893).
Accordingly, we agree with the Supreme Court's determination to grant the respondents' motion to dismiss the petition.
BALKIN, J.P., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court