■ In the Matter of VINCENT GABRIELE III, Respondent, v METROPOLITAN SUBURBAN BUS AUTHORITY, Appellant. [657 NYS2d 761] —In a hybrid proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Metropolitan Suburban Bus Authority which denied the petitioner a promotion to the position of foreman based upon a purported anti-nepotism policy, and an action, *inter alia,* to recover damages for mental anguish, the Metropolitan Suburban Bus Authority appeals (1), as limited by its brief, from so much of a judgment

of the Supreme Court, Nassau County (Segal, J.), entered April 10, 1996, as granted the petition and directed that the petitioner be appointed to a position as foreman nunc pro tunc to September 9, 1995, with full back pay and benefits, etc., and (2) from so much of an order of the same court, dated May 13, 1996, as upon, in effect, granting reargument, adhered to its original determination.

Ordered that the appeal from the judgment entered April 10, 1996, is dismissed as superseded by the order made upon reargument; and it is further

Ordered that the order dated May 13, 1996, is affirmed insofar as appealed from; and it is further

Ordered that the petitioner is awarded one bill of costs.

The Metropolitan Suburban Bus Authority (hereinafter MSBA), is a public corporation that provides bus service in western Queens, Nassau, and Suffolk Counties. The petitioner Vincent Gabriele III was hired by MSBA as a mail clerk/messenger on September 3, 1985. Over a period of 10 years, Gabriele was promoted several times and in September 1995 he was ranked third on a list of nine candidates considered for two positions of foreman. Ultimately, MSBA promoted the fifth and seventh candidates to the vacant foreman positions.

According to MSBA, the sole reason Gabriele was passed over was that his promotion would purportedly violate the company's anti-nepotism policy. Both Gabriele's father and uncle worked as foremen at MSBA in 1995. The record reveals, however, that there was no official anti-nepotism policy in effect until after the promotion decision at issue was made. The following facts are not in dispute: (1) the job listings for the foreman positions did not warn prospective candidates that they might be disqualified because of a company policy on nepotism; (2) the application forms did not disclose the existence of an anti-nepotism policy; (3) Gabriele was never advised before or during the application process that he was ineligible because his father and uncle were already serving as foremen; (4) the MSBA table of approved policy/instructions did not mention any anti-nepotism policy; (5) MSBA first distributed a memorandum on nepotism after Gabriele was rejected; (6) that memorandum expressly stated that the anti-nepotism policy would apply prospectively; and (7) during the 10 years that Gabriele worked at MSBA, several people were hired for positions where they were either supervised by family members or working in the same department with family members.

Gabriele commenced this combined CPLR article 78 proceeding and plenary action seeking, *inter alia,* an order directing

MSBA to appoint him to the foreman position as of September 9, 1995, with back pay and benefits. In defense, MSBA asserted its anti-nepotism policy. The Supreme Court bifurcated the case and granted the relief requested pursuant to CPLR article 78. We affirm.

It is well established that the standard of judicial review in a CPLR article 78 proceeding is whether the administrative determination was arbitrary and capricious or affected by an error of law *(Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.,* 77 NY2d 753, 758). It is equally well settled that judicial review of an administrative determination is limited to the ground invoked by the agency *(Matter of Aronsky v Board of Educ.,* 75 NY2d 997, 1000-1001). In light of the undisputed facts listed above, the Supreme Court properly concluded that the decision to deny Gabriele's promotion on the basis of the unsubstantiated anti-nepotism policy of MSBA was arbitrary and capricious. With respect to the motion to reargue by MSBA, by addressing the underlying merits of the motion, the Supreme Court, in effect, granted reargument and adhered to its original determination. Under these circumstances, the order is appealable *(see, Price v Palagonia,* 212 AD2d 765, 766; *Matter of Aetna Cas. & Sur. Co. v Pellegrino,* 203 AD2d 457).

The Supreme Court properly concluded that having argued the merits in the CPLR article 78 petition, MSBA evinced a clear and unequivocal acceptance of the judicial forum *(see, Allied Bldg. Inspectors Intl. Union of Operating Engrs. v Office of Labor Relations,* 45 NY2d 735, 737; *De Sapio v Kohlmeyer,* 35 NY2d 402). MSBA could not thereafter seek to enforce the arbitration provisions of the collective bargaining agreement in the guise of a motion to reargue *(see, Foley v Roche,* 68 AD2d 558, 567-568). Altman, J. P., Friedmann, Goldstein and Luciano, JJ., concur.