■ In the Matter of DANA KAPLAN, Appellant, v NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT et al., Respondents. [1 NYS3d 313]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Housing Preservation and Development dated April 10, 2012, confirming the denial of the petitioner's application to exercise succession rights over a certain apartment, the petitioner appeals from a judgment of the Supreme Court, Kings County (Edwards, J.), dated November 5, 2012, which denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, with one bill of costs.

The petitioner was listed on the income affidavits submitted by her sister, Joy Gelbman, and Gelbman's husband for the years 2008 through 2011 with respect to apartment 18H in an apartment building operated pursuant to the Private Housing Finance Law by the respondent Cadman Towers, Inc. (hereinafter Cadman Towers). After Gelbman and her husband vacated apartment 18H in June 2011, the petitioner sought to exercise succession rights, asserting that she used the subject apartment as her primary residence since 2008. Cadman Towers rejected the application to exercise succession rights, finding that the petitioner did not meet her burden of proving that she had actually resided in the subject apartment from June 2009 through June 2011. The petitioner appealed the denial to the respondent New York City Department of Housing Preservation and Development (hereinafter HPD). In a determination dated April 10, 2012, the HPD confirmed the denial of the petitioner's application, concluding that the petitioner did not establish that the apartment was her primary residence for the requisite time

period. Thereafter, the petitioner commenced this CPLR article 78 proceeding in the Supreme Court, which found that the HPD's determination was not arbitrary and capricious. The petitioner appeals. We affirm.

The standard of judicial review in this CPLR article 78 proceeding is whether the administrative determination was arbitrary and capricious, an abuse of discretion, or affected by an error of law (*see Matter of Delle v Kampe*, 296 AD2d 498, 499 [2002]; *Matter of Gabriele v Metropolitan Suburban Bus Auth.*, 239 AD2d 575 [1997]). An arbitrary action is one that is without a sound basis in reason and is taken without regard to the facts (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]).

Under the rules promulgated pursuant to the Limited-Profit Housing Companies Law (Private Housing Finance Law art II) and set forth at 28 RCNY 3-02 (p), a person claiming succession rights must be related to the tenant of record either in one of the ways specified in 28 RCNY 3-02 (p) (2) (ii) (A), or in a nontraditional manner as defined by 28 RCNY 3-02 (p) (2) (ii) (B). Further, the applicant "must have resided in the apartment with the former legal tenant for two years immediately prior to the tenant's permanent vacatur of the apartment" (*Matter of Alfred v Barrios-Paoli*, 251 AD2d 659, 660 [1998]; *see* 28 RCNY 3-02 [p] [3]) and "appeared on such income documentation for at least the [two consecutive annual] reporting period[s] immediately prior to the [tenant of record's] permanent vacating of the apartment" (28 RCNY 3-02 [p] [3]). The burden of proof is on the family member to show use of the apartment as his or her primary residence during the required period to be eligible to succeed to possession (*see id.*).

No unit may be considered the primary residence of a tenant unless the tenant provides proof of filing a New York City Resident Income Tax return at the claimed primary residence for the most recent preceding taxable year or proof that the filing of such a tax return was not legally required (*see* 28 RCNY 3-02 [n] [4] [iv]). The tenant whose residency is being questioned is obligated to provide proof that the subject apartment was his or her primary place of residence by submitting, inter alia, certified New York State income tax returns, utility bills, and voter registration data (*see id.*).

Here, the petitioner failed to provide certified copies of her 2009 or 2010 New York tax returns, which precluded a finding that the subject apartment was her primary residence (*see Matter of Girigorie v New York City Dept. of Hous. Preserv. & Dev.*,

75 AD3d 430, 431 [2010]). Additionally, the HPD correctly noted that the additional documents the petitioner submitted, including federal tax returns, were inconsistent as to the petitioner's address. Moreover, the petitioner failed to provide a number of relevant documents, such as W-2 forms or utility bills, to show that she used the subject apartment as her primary residence for the entire residency period. As such, the HPD's determination was not arbitrary and capricious, but was supported by the record and rational.

The petitioner's remaining contentions are without merit.

Accordingly, the Supreme Court correctly denied the petition and dismissed the proceeding. Rivera, J.P., Skelos, Roman and Miller, JJ., concur.