■ In the Matter of Terri Still, Appellant, v City of Middletown, Respondent. [19 NYS3d 428]—In a proceeding pursuant to CPLR article 78 to review a determination of the City of Middletown dated July 15, 2013, terminating the

petitioner's employment as a senior account clerk, the petitioner appeals from a judgment of the Supreme Court, Orange County (Bartlett, J.), dated December 3, 2013, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner was on Workers' Compensation leave for a period of more than one year. On June 14, 2013, she was served with 30 days' written notice that her employment would be terminated pursuant to Civil Service Law § 71, and given an opportunity to present, at a meeting, any evidence as to why the City of Middletown should not proceed with the termination of her employment. The petitioner failed to demonstrate that she was medically fit to return to work, with or without accommodation. The City served the petitioner with a notice of termination dated July 15, 2013.

The standard of judicial review in the instant proceeding pursuant to CPLR article 78 is whether the action was arbitrary and capricious, an abuse of discretion, in violation of lawful procedure, or affected by an error of law (see CPLR 7803 [3]; Matter of Kaplan v New York City Dept. of Hous. Preserv. & Dev., 124 AD3d 660 [2015]; Matter of Zutt v State of New York, 99 AD3d 85, 97 [2012]; Matter of Johnson v State of New York, 26 AD3d 379 [2006]; Matter of Halperin v City of New Rochelle, 24 AD3d 768, 770 [2005]). Under the circumstances, the City's decision to terminate the petitioner's employment was not arbitrary or capricious, an abuse of discretion, in violation of lawful procedure, or affected by an error of law.

The petitioner's remaining contentions are without merit or not properly before this Court.

Accordingly, the Supreme Court properly denied the petition and, in effect, dismissed the proceeding. Leventhal, J.P., Roman, Hinds-Radix and Barros, JJ., concur.