■ Angel Gonzalez et al., Respondents, v Ramjohn A. Haniff et al., Appellants, et al., Defendant. [43 NYS3d 375]—

In an action, inter alia, to recover damages for personal injuries, the defendants Ramjohn A. Haniff and Leakat Haniff separately appeal from an order of the Supreme Court, Queens County (Brathwaite Nelson, J.), entered March 9, 2015, which denied their motion, inter alia, pursuant to CPLR 5015 to vacate a judgment of the same court entered November 21, 2005, upon their failure to appear in the action.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with one bill of costs, and the matter is remitted to the Supreme Court, Queens County, for a determination on the merits of the motion of the defendants Ramjohn A. Haniff and Leakat Haniff, inter alia, pursuant to CPLR 5015 to vacate the judgment entered November 21, 2005.

The plaintiffs commenced this action against, among others, the defendants Ramjohn A. Haniff and Leakat Haniff (hereinafter together the Haniffs), inter alia, to recover damages for personal injuries. The Haniffs failed to appear in the action, and the Supreme Court granted the plaintiffs' motion for leave to enter a default judgment against them. After an inquest on damages, the court entered a judgment in favor of the plaintiffs and against the Haniffs in the principal sum of $2,000,000.

The plaintiffs sent notice of entry of the judgment to the Haniffs in July 2013. The Haniffs then moved, by order to show cause, inter alia, pursuant to CPLR 5015 to vacate the judgment. In the order to show cause the Supreme Court directed the Haniffs to serve the plaintiffs' attorney with the motion papers by personal service on or before July 22, 2014. The Haniffs served the plaintiffs' attorney by personal service on July 21, 2014. The plaintiffs' attorney signed an admission of service, acknowledging such service, which the Haniffs filed

with the Clerk of Queens County prior to the return date of the motion. The plaintiffs opposed the motion on the merits, without raising any claim that their attorney had not been timely and properly served with the order to show cause and supporting papers. The Supreme Court denied the motion on the ground that it lacked jurisdiction to entertain the motion due to the failure of the Haniffs to annex to their motion papers proof of service of those papers. The Haniffs appeal.

"[T]he mode of service provided for in [an] order to show cause is jurisdictional in nature and must be literally followed" (*Matter of Bell v State Univ. of N.Y. at Stony Brook*, 185 AD2d 925, 925 [1992]; *see Matter of Correnti v Suffolk County Dist. Attorney's Off.*, 34 AD3d 578, 580 [2006]; *Laino v Cuprum S.A. de C.V.*, 235 AD2d 25, 32 [1997]; *see also European Am. Bank v Legum*, 248 AD2d 206, 207 [1998]). The failure to give proper notice of a motion deprives the court of jurisdiction to hear the motion (*see Crown Waterproofing, Inc. v Tadco Constr. Corp.*, 99 AD3d 964, 965 [2012]; *Bianco v LiGreci*, 298 AD2d 482 [2002]).

Here, the Haniffs served the order to show cause and supporting papers in accordance with the directives set forth in the order to show cause. Thus, the Supreme Court had jurisdiction to entertain the motion. Moreover, the Haniffs properly filed the admission of service with the Clerk of Queens County (*see* CPLR 2102 [a]). Although the admission of service was not annexed to the motion papers, the plaintiffs submitted opposition to the motion on the merits without raising any failure of proper service or irregularity in the Haniffs' submissions to the court. Under these circumstances, given that no substantial right of the plaintiffs was prejudiced, the court should have disregarded the alleged irregularity and determined the motion on the merits (*see* CPLR 2001; *Mockin v Astoria Fed. Sav. & Loan*, 137 AD3d 984, 985 [2016]; *Matter of Ramirez v Palacios*, 136 AD3d 666, 667-668 [2016]; *see generally Rosenblatt v St. George Health & Racquetball Assoc., LLC*, 119 AD3d 45, 55 [2014]). Eng, P.J., Austin, Roman and Cohen, JJ., concur.