Cadman Towers, Inc., Respondent,
against
Dana Kaplan and ZACHARY DAVIDSON, Appellants, -and- "JOHN DOE" and "JANE DOE", Undertenants.



Consolidated appeal from (1) an order of the Civil Court of the City of New York, Kings County, dated May 16, 2013 (Eleanora Ofshtein, J.), deemed from a final judgment of the same court entered May 16, 2013 (see CPLR 5512 [a]), (2) an order of the same court dated August 26, 2013, and (3) an order of the same court (Maria Ressos, J.), dated February 26, 2015. The final judgment, entered pursuant to the order dated May 16, 2013 granting petitioner's motion for summary judgment, awarded possession to petitioner in a summary proceeding brought pursuant to RPAPL 713 (7). The order dated August 26, 2013 denied a motion by Dana Kaplan and Zachary Davidson, in effect, for leave to renew and/or reargue their opposition to petitioner's motion for summary judgment. The order dated February 26, 2015 denied a motion by Dana Kaplan and Zachary Davidson to vacate the warrant of eviction or stay its execution.




ORDERED that so much of the appeal as is from the portion of the order dated August 26, 2013 that denied reargument is dismissed, as no appeal lies therefrom; and it is further,
ORDERED that the final judgment, the order dated August 26, 2013 insofar as reviewed, and the order dated February 26, 2015 are affirmed, without costs.
Petitioner, a New York City aided Mitchell-Lama housing development, commenced this licensee proceeding (RPAPL 713 [7]) following a determination by the New York City Department of Housing Preservation and Development (HPD) that Dana Kaplan and Zachary Davidson (occupants) were not eligible for succession rights. After that determination was later sustained by the Supreme Court and the Appellate Division in an article 78 proceeding (Matter of Kaplan v New York City Dept. of Hous. Preserv. & Dev., 124 AD3d 660 [2015]), petitioner moved for summary judgment. Occupants appeal from orders of the Civil Court granting petitioner's motion for summary judgment, and denying their motions for leave to reargue and/or renew their opposition to petitioner's motion for summary judgment, and to vacate the warrant of eviction or stay its execution. The appeal from the order granting summary judgment is deemed [*2]to be from the final judgment entered pursuant to the order (see CPLR 5512 [a]). 
HPD is vested with exclusive jurisdiction to determine family-member succession rights in New York City aided Mitchell-Lama housing, and its issuance of a certificate of eviction cannot be collaterally attacked in a subsequent summary proceeding (see Bedford Gardens Co., LP v Jacobowitz, 29 AD3d 501, 502 [2006]; Lindsay Park Hous. Corp. v Grant, 190 Misc 2d 777 [App Term, 2d Dept, 2d and 11th Jud Dists 2001]). 
Occupants' belated claim that their payment of use and occupancy gives them tenancy rights was not properly raised for the first time on a renewal motion. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]; see Semonov v Semonov, 98 AD3d 962, 963 [2012]; Guerrero v Marable, 30 Misc 3d 144[A], 2011 NY Slip Op 50333[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). No such reasonable justification was proffered in support of occupants' renewal motion. Moreover, occupants did not establish that rent had been accepted in the window period prior to the commencement of this proceeding, and they stipulated, in this proceeding, to the payment of use and occupancy during the pendency of the article 78 proceeding. In any event, the applicable Mitchell-Lama regulations provide that "[a]cceptance of rent/carrying charges after the commencement of eviction proceedings, pursuant to the administrative hearing process, shall be without prejudice" (28 RCNY 3-18 [b]) and "acceptance of rent/carrying charges from or on behalf of an illegal occupant shall not be deemed to create any right of tenancy or any obligation on the part of the housing company to afford such person the protection which these rules afford to authorized tenant/cooperators" (28 RCNY 3-18 [h]).
We have considered occupants' other arguments and find them to be without merit.
Accordingly, petitioner's motion for summary judgment was properly granted and the branch of occupants' subsequent motion seeking leave to renew their opposition to petitioner's motion for summary judgment, and their motion for relief from the warrant, were properly denied.
Pesce, P.J., Solomon and Elliot, JJ., concur.
Decision Date: January 25, 2017