■ LAWRENCE WANDER et al., Plaintiffs/Counterclaim Defendants, v ST. JOHN'S UNIVERSITY, Defendant/Counterclaim Plaintiff, et al., Defendants. (Matter No. 1.) In the Matter of LAWRENCE WANDER et al., Respondents, v ST. JOHN'S UNIVERSITY et al., Appellants. (Matter No. 2.) [47 NYS3d 395]—

In an action to recover damages for discrimination on the basis of age in violation of, inter alia, Executive Law § 296, and a related proceeding pursuant to CPLR article 78 to review, among other things, a determination by St. John's University dated May 24, 2007, to convert the suspensions of Lawrence Wander and John S. Manna from suspensions with pay to suspensions without pay, St. John's University and Peter J. Tobin College of Business appeal from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Silber, J.), dated September 17, 2014, as granted that branch of the petition which was to annul the determination to convert the suspensions from with pay to without pay, and directed St. John's University and Peter J. Tobin College of Business to pay Lawrence Wander and John S. Manna all amounts they would regularly have received as if suspended with pay, plus statutory interest.

Ordered that the order and judgment is reversed insofar as appealed from, on the law and the facts, with costs, that branch of the petition which was to annul the determination of St. John's University dated May 24, 2007, to convert the suspensions of Lawrence Wander and John S. Manna from with pay to without pay is denied, the determination is confirmed, and the proceeding is dismissed.

Lawrence Wander and John S. Manna (hereinafter together the petitioners), were tenured professors at Peter J. Tobin College of Business (hereinafter TCB), which is part of St. John's

University (hereinafter SJU). In 2006, TCB's Dean, Richard Highfield, accused the petitioners of creating and operating Midlantic Association of Not-for-Profit Organizations, Inc. (hereinafter Midlantic), to publish their own academic work and to bestow them with fictitious grants and awards. Highfield alleged that the petitioners misrepresented these publications and awards as bona fide in tenure and promotion applications, and made other misrepresentations therein about Midlantic's character and quality. Highfield also alleged that the petitioners had Midlantic publish course materials, which they compelled their students to purchase. The president of SJU initially suspended the petitioners with pay while SJU investigated the allegations. However, on May 24, 2007, the president converted the suspensions to without pay, stating that the petitioners had attempted to impede SJU's investigation of the underlying academic fraud by knowingly providing false information to investigators. The petitioners, inter alia, commenced this proceeding to review that determination, among others. The Supreme Court agreed with the petitioners that the determination was arbitrary and capricious and that the sanction was disproportionate to the offense committed, and thus, in an order and judgment (one paper), dated September 17, 2014, it granted that branch of the petition and annulled the determination. SJU and TCB appeal.

"[H]aving accepted a State charter and being subject to the broad policy-making jurisdiction of the Regents of the University of the State of New York, a single corporate entity of which they are deemed a part, . . . private colleges and universities are accountable in a CPLR article 78 proceeding, with its well-defined standards of judicial review, for the proper discharge of their self-imposed as well as statutory obligations" (*Gertler v Goodgold*, 107 AD2d 481, 486 [1985], *affd* 66 NY2d 946 [1985]; *see* Education Law § 214; *see also Maas v Cornell Univ.*, 94 NY2d 87, 92 [1999]). Accordingly, a proceeding pursuant to CPLR article 78 may be commenced to review the question of whether an administrative determination reached by a private university and college against tenured professors like the petitioners herein, "was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed" (CPLR 7803 [3]; *see Maas v Cornell Univ.*, 94 NY2d at 92). Administrative action is arbitrary when it is without a sound basis in reason and is taken without regard to the facts (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222 [1974]).

Here, the decision to convert the petitioners' suspensions from with pay to without pay was not made in violation of lawful procedure, affected by an error of law, or arbitrary and capricious or an abuse of discretion. Rather, the grounds provided by SJU and TCB for the determination had a sound basis in reason, and the determination was taken with regard to the facts.

The petitioners' remaining contentions are without merit.

Accordingly, the Supreme Court should have denied that branch of the petition which was to annul the determination to convert the petitioners' suspensions from with pay to without pay, confirmed the determination and dismissed the proceeding. Hall, J.P., Cohen, Duffy and Connolly, JJ., concur.