Matter of Dobbins v State of New York-Unified Ct. Sys. (2020 NY Slip Op 07885)





Matter of Dobbins v State of New York-Unified Ct. Sys.


2020 NY Slip Op 07885


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-07293
 (Index No. 10534/16)

[*1]In the Matter of William Dobbins, etc., respondent,
v
State of New York-Unified Court System, et al., appellants.


John W. McConnell, Albany, NY (John J. Sullivan and Lee Alan Adlerstein of counsel), for appellants.
Archer, Byington, Glennon & Levine, LLP, Melville, NY (Matthew Hromadka of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Acting Director of Labor Relations of the New York State Unified Court System dated July 20, 2016, denying the petitioner's grievance challenging the placement of certain candidates on the eligibility list for promotional examination no. 55-787 for the title of Senior Court Reporter, the New York State Unified Court System, sued herein as State of New York-Unified Court System, and Lawrence K. Marks appeal from a judgment of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated April 11, 2018. The judgment, upon a decision of the same court dated February 28, 2018, granted the petition and directed the New York State Unified Court System and Lawrence K. Marks to remove from the eligibility list for promotional examination no. 55-787 the names of candidates who were not employed in the Court Reporter title by the date of the examination, and to remove any candidates from appointments made to Senior Court Reporter positions from the promotional examination eligibility list who did not meet the minimum qualifications to compete. Justice Wooten has been substituted for Justice Roman (see 22 NYCRR 1250.1[b]).
ORDERED that the judgment is affirmed, with costs.
On June 13, 2015, the New York State Unified Court System simultaneously administered an open-competitive examination and a promotional examination for the title of Senior Court Reporter. Both examinations were substantively identical to one another. The examination announcement for the promotional examination set forth the following minimum qualifications in order to sit for the exam: "To be eligible to compete, applicants must, by the date of the examination, June 13, 2015, have current permanent competitive class status as a Court Reporter." The same examination announcement also set forth the following minimum qualifications for appointment to Senior Court Reporter: "Successful candidates must at the time of appointment have one (1) year of current permanent competitive class service as a Court Reporter." The examination announcements for both the promotional examination and the open-competitive examination advised applicants that the eligibility lists established as a result of the examinations will be used to fill positions in the Unified Court System throughout New York State. However, both examination announcements stated that the promotion list will be used to make appointments before appointments are made from [*2]the list established from the open-competitive examination.
On March 25, 2016, separate eligibility lists for each examination were established. However, 22 individuals who had taken the open-competitive examination appeared on both the competitive list and the promotion list, although none of the 22 individuals met the minimum qualifications to take the promotional examination and none had actually taken the promotional examination. These individuals, however, had been hired as entry level Court Reporters after the examination but before the eligibility lists were established, and some of them had scored higher than those who had taken the promotional examination.
On May 18, 2016, the petitioner, the president of the Suffolk County Court Employees Association, filed a non-contract grievance on behalf of two court reporters, alleging that the Unified Court System's placement of the names of the competitive candidates on the promotion list violated the Unified Court System's own rules regarding the minimum qualifications required to compete for the promotional examination. The petitioner thus sought, among other things, removal from the promotion list of anyone who was ineligible to compete for the promotional Senior Court Reporter examination. A Step 2 grievance meeting was conducted on June 24, 2016. On July 20, 2016, the Acting Director of Labor Relations of the Unified Court System (hereinafter the Acting Director) issued a decision denying the petitioner's grievance.
In November 2016, the petitioner commenced this proceeding pursuant to CPLR article 78 against the Unified Court System and Lawrence K. Marks, the Chief Administrative Judge (hereinafter together UCS), alleging that the Acting Director's determination was arbitrary and capricious, as the placement of the competitive candidates on the promotion list violated the UCS's own minimum qualifications to compete, established in the promotional exam announcement, as well as section 25.13(k) of the Rules of the Chief Judge (22 NYCRR 25.13[k]). The UCS opposed the petition, arguing that the placement on the promotion list of competitive candidates who, following the open-competitive examination but prior to the establishment of the exam lists, were hired as Court Reporters, was neither arbitrary nor capricious, but was, instead, rational and a continuation of past practices.
The Supreme Court determined that the complained-of conduct by the UCS violated its own rules and eligibility requirements, and was arbitrary and capricious. In a judgment dated April 11, 2018, the court, inter alia, granted the petition. The UCS appeals.
Article V, § 6 of the New York State Constitution provides that "[a]ppointments and promotions in the civil service of the state and all of the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive."
"Wide discretion is afforded to civil service commissions in determining the fitness of candidates. The exercise of that discretion is to be sustained unless it has clearly been abused" (Matter of Metzger v Nassau County Civ. Serv. Commn., 54 AD2d 565, 566; see Matter of Altman v Suffolk County Dept. of Civ. Serv., 165 AD3d 921, 922). A court, in determining a CPLR article 78 petition, "'may not substitute its judgment for that of the agency responsible for making the determination and, as long as the administrative determination is not irrational or arbitrary and capricious, [the court] may not annul it'" (Matter of Altman v Suffolk County Dept. of Civ. Serv., 165 AD3d at 922, quoting Matter of Rogan v Nassau County Civ. Serv. Commn., 91 AD3d 658, 658).
Here, we agree with the Supreme Court's determination that the UCS's placement of open-competitive candidates for the Senior Court Reporter position on the promotion list was arbitrary and capricious and not rational under the circumstances presented herein. The UCS's complained-of conduct, among other things, violated its own rules and eligibility requirements set forth in the exam announcements (see 22 NYCRR 25.13[k]).
Accordingly, we agree with the Supreme Court's determination granting the petition and directing the UCS to remove from the promotional examination eligibility list the names of candidates who were not employed in the Court Reporter title by the date of the examination, and [*3]to remove any candidates from appointments made to Senior Court Reporter positions from the promotional examination eligibility list who did not meet the minimum qualifications to compete.
DUFFY, J.P., BARROS, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court