Matter of Hilbertz v City of New York (2022 NY Slip Op 06804)

Matter of Hilbertz v City of New York

2022 NY Slip Op 06804

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2019-06752 
2019-06753
2019-06755
 (Index No. 520815/17)

[*1]In the Matter of Derrick Hilbertz, et al., respondents,
v
City of New York, et al., appellants.

Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Aaron M. Bloom and Diana Lawless of counsel), for appellants City of New York, New York City Landmarks Preservation Commission, and New York City Housing, Preservation & Development.
FisherBroyles LLP, New York, NY (Christina H. Bost Seaton and Richard B. Cohen of counsel), for appellants Institute for Community Living, Institute for Community Living Real Property Holding Corp., and ICL St. Marks Avenue Apartments, L.P.
Jacqueline McMickens & Associates, PLLC, Brooklyn, NY (Stephen J. Riegel and Phillip A. Solomon of counsel), for respondents.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent/defendant New York City Landmarks Preservation Commission dated June 28, 2017, granting an application for a certificate of appropriateness, and action for declaratory relief, the respondents/defendants Institute for Community Living, Institute for Community Living Real Property Holding Corp., and ICL St. Marks Avenue Apartments, L.P., appeal from (1) a judgment of the Supreme Court, Kings County (Katherine A. Levine, J.), dated April 2, 2019, (2) a judgment of the same court dated April 5, 2019, and (3) an amended judgment of the same court dated April 11, 2019, and the respondents/defendants City of New York, New York City Landmarks Preservation Commission, and New York City Housing, Preservation & Development separately appeal from the amended judgment. The amended judgment, insofar as appealed from, granted that branch of the amended petition/complaint which was to annul the determination dated June 28, 2017, and remitted the matter to the respondent/defendant New York City Landmarks Preservation Commission for further proceedings.
ORDERED that the appeals from the judgments are dismissed, as the judgments were superseded by the amended judgment; and it is further,
ORDERED that the amended judgment is reversed insofar as appealed from, on the law, that branch of the amended petition/complaint which was to annul the determination dated June 28, 2017, is denied, and the proceeding is dismissed; and it is further,
ORDERED that one bill of costs is awarded to the respondents/defendants.
The respondents/defendants Institute for Community Living, Institute for Community Living Real Property Holding Corp., and ICL St. Marks Avenue Apartments, L.P. (hereinafter collectively the ICL respondents), own a parcel of real property located at 839 St. Marks Avenue, at the intersection of St. Marks Avenue and Brooklyn Avenue in Crown Heights (hereinafter the subject property), where they operate a residence for people with mental and developmental disabilities. The subject property is improved with a mansion constructed in the 1860s, a three-story brick addition constructed in the 1930s extending north from the mansion along Brooklyn Avenue, and a garden to the east along St. Marks Avenue. The subject property lies within an area the respondent/defendant New York City Landmarks Preservation Commission (hereinafter the Commission) designated as the Crown Heights North Historic District in 2007.
In February 2016, the ICL respondents made an application to the Commission for a certificate of appropriateness (hereinafter COA) for permission to make certain renovations to the mansion and to replace the 1930s addition with a new 5½-story, L-shaped residential structure fronting both Brooklyn Avenue and St. Marks Avenue. Unlike the 1930s addition, which stands flush against parts of the mansion's northern and western faces, the new structure would connect to the mansion only by means of a one-story glass walkway. The new structure would, however, extend into the garden along St. Marks Avenue and appear to wrap around the northeast corner of the mansion. After a public hearing in March 2016, the ICL respondents submitted a revised plan reducing the new structure's apparent height along St. Marks Avenue and reorienting entrances and pathways into the garden so as to preserve the existing garden context, among other things. The Commission held another public hearing on the application and then voted to grant it. The Commission thereafter issued a determination dated June 28, 2017, granting the application for a COA.
The petitioners/plaintiffs (hereinafter the petitioners) commenced this hybrid proceeding pursuant to CPLR article 78, inter alia, to review the Commission's determination and action for declaratory relief. In a judgment dated April 2, 2019, a judgment dated April 5, 2019, and an amended judgment dated April 11, 2019, the Supreme Court granted that branch of the amended petition/complaint which was to annul the Commission's determination, remitted the matter to the Commission for further proceedings, and, in effect, dismissed the remainder of the proceeding/action. The court determined that the Commission's determination to grant the application for a COA was arbitrary and capricious and in contravention of law. The ICL respondents appeal from the judgments and the amended judgment, and the Commission and the defendants/respondents City of New York and New York City Housing, Preservation & Development appeal from the amended judgment.
The judgments and the amended judgment grant the same relief and are otherwise substantively identical to one another. The ICL respondents' appeals from the judgments must therefore be dismissed, as the judgments were superseded by the amended judgment (see Armstrong Trading Ltd. v MBM Enters., 29 AD3d 834, 835).
"Judicial review of the Commission's findings is limited to whether the 'determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion'" (Matter of Save America's Clocks, Inc. v City of New York, 33 NY3d 198, 207, quoting CPLR 7803[3]). "'Administrative action is arbitrary when it is without a sound basis in reason and is taken without regard to the facts'" (C.F. v New York City Dept. of Health & Mental Hygiene, 191 AD3d 52, 69, quoting Wander v St. John's Univ., 147 AD3d 1009, 1010; see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230-232). "A court, in determining a CPLR article 78 petition, may not substitute its judgment for that of the agency responsible for making the determination" (Matter of Dobbins v State of N.Y.-Unified Ct. Sys., 189 AD3d 1397, 1399 [internal quotation marks omitted]; see Matter of Halloran v NYC Employees' Retirement Sys., 172 AD3d 715, 716-717).
Here, the Supreme Court erred in determining that the Commission's determination to grant the application for a COA was arbitrary and capricious. Architectural diagrams and [*2]renderings of the revised plan supported the Commission's findings that the project "will allow for the restoration of the historic facades" along the northwest corner of the mansion, and, coupled with the use of a "glass enclosure" to connect the mansion to the new building and other design strategies, permit the mansion "to appear 'in the round'" and "free-standing." Moreover, whereas the court found that the Commission failed to consider the revised plan's effect on the garden, the Commission explained that "the deep setback location of the proposed [new] building along St. Mark's Avenue will preserve the presence of the historic garden context of the house, the lot and the historic greenspace." The Commission further explained that "the historic hard-scape features in the St. Mark's Avenue garden and the perimeter wall and fence will be retained, recalling the historic garden and site conditions," and that "the proposed entrance" to the mansion and new building "utilizes the historic approach and existing garden paths, which allows the historic perimeter wall to remain intact and uninterrupted and reinforces the retention of the garden context." This, too, was supported by the architectural diagrams and renderings in the record. The project as a whole called for the removal of the historically insignificant 1930s addition, which would reveal the mansion's northwestern face and enable the mansion to be viewed "in the round" as a free-standing structure for the first time in more than half a century. The Commission rationally found that the reduced size of the garden would not detract from this effect or the goals of the Landmarks Law. In determining otherwise based, inter alia, on its "disagree[ment]" with these findings and prioritization of certain impacts of the project over those the Commission elected to prioritize in the exercise of its professional expertise in matters of architecture, history, and other fields relating to the goals of the Landmarks Law, the court improperly substituted its judgment for that of the Commission.
The Supreme Court also erred in determining that the Commission granted the application for a COA in contravention of law. "'[J]udicial review of an administrative determination is limited to the grounds invoked by the agency'" (Matter of Save America's Clocks, Inc. v City of New York, 33 NY3d at 209, quoting Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 758). The Landmarks Law makes plain that the COA itself is the means by which the Commission sets forth the reasons for its determination (see Matter of Save America's Clocks, Inc. v City of New York, 33 NY3d at 210), and the COA here did not rely upon any of the factors the court found to be beyond the Commission's jurisdiction to consider. Contrary to the petitioners' contention, the statements of two individual Commissioners at public hearings do not show that the determination of the full Commission rested upon these purportedly improper considerations (see id. at 209-210).
The parties' remaining contentions are academic in light of our determination.
Accordingly, the Supreme Court should have denied that branch of the petition/complaint which was to annul the Commission's determination and dismissed the proceeding.
CONNOLLY, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court