Matter of South St. Seaport Coalition, Inc. v Landmarks Preserv. Commn. of the City of N.Y. (2023 NY Slip Op 02992)

Matter of South St. Seaport Coalition, Inc. v Landmarks Preserv. Commn. of the City of N.Y.

2023 NY Slip Op 02992

Decided on June 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2023

Before: Kapnick, J.P., Oing, Moulton, Kennedy, Mendez, JJ. 

Index No. 156106/22 Appeal No. 414M-01937 Case No. 2023-00268 

[*1]In the Matter of South Street Seaport Coalition, Inc. et al., Petitioners-Respondents,
v
Landmarks Preservation Commission of the City of New York et al., Respondents-Appellants, Historic Districts Council, Inc., and Roberta Gratz., Amicus Curiae.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Chase H. Mechanick of counsel), for Landmarks Preservation Commission of the City of New York and City of New York, appellants.
Fried, Frank, Harris, Shriver & Jacobson LLP, New York (Janice Mac Avoy of counsel), for 250 Seaport District, LLC, appellant.
Super Law Group, LLC, New York (Reed W. Super of counsel), for respondents.
Kathryn E. Freed, New York, for amicus curiae.

Judgment (denominated an order), Supreme Court, New York County (Arthur F. Engoron, J.), entered January 13, 2023, granting the petition to invalidate a Certificate of Appropriateness (COA) issued by respondent Landmarks Preservation Commission (LPC) that would permit the construction of a particular building at 250 Water Street in Manhattan, and denying respondents' cross-motions to dismiss, unanimously reversed, on the law, without costs, the petition denied, the cross-motions granted, and the proceeding brought pursuant to CPLR article 78 dismissed.
LPC's determination to issue a COA, following its extensive consideration of the factors set forth in Administrative Code of the City of New York § 25-307 (b) (1)-(2), was not arbitrary and capricious or irrational (see generally Matter of Save America's Clocks, Inc. v City of New York, 33 NY3d 198, 204, 207 [2019]). The COA itself sets forth the basis for LPC's determination, which has ample support in the record and did not rely on improper considerations. The statements made during the public hearings concerning funding for a district museum do not show that the final determination actually rested upon improper considerations (id. at 209-210; Matter of Hilbertz v City of New York, 210 AD3d 1089, 1092-1093 [2d Dept 2022]). Contrary to petitioners' contention, the record otherwise does not establish an improper quid pro quo or improper communications between LPC and the developer (cf. City of New York v 17 Vista Assoc., 84 NY2d 299, 306 [1994] [holding "agreement entered into between the parties, whereby the plaintiff, in exchange for a predetermined sum of money, would provide to defendant an expedited and favorable determination . . . is void as violative of public policy and is unenforceable"]).
While an administrative determination which reaches a different result on essentially the same facts as a prior determination may be arbitrary if the agency fails to indicate its reason for reaching a different result (see Matter of Charles A. Field Delivery Serv. [Roberts], 66 NY2d 516, 520 [1985]), petitioners failed to establish that the prior COA denials from the early-to-mid 1980s were based on essentially the same facts as those presented here. Approval of a COA requires the LPC to review many different factors, not just the height of a building, and review of such applications are
nuanced and fact-specific (see generally Matter of Rivera v Shea, 211 AD3d 594, 595 [1st Dept 2022]).
M-01937 — Matter of South Street Seaport Inc. v Landmarks Preservation Commission
Motion to file an amicus curiae brief, granted. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2023