Matter of Van Dunk v Orange-Ulster Bd. of Coop. Educ. Servs. (BOCES) (2023 NY Slip Op 04671)

Matter of Van Dunk v Orange-Ulster Bd. of Coop. Educ. Servs. (BOCES)

2023 NY Slip Op 04671

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-04301
 (Index No. 736/21)

[*1]In the Matter of Belinda Van Dunk, respondent,
v
Orange-Ulster Board of Cooperative Educational Services (BOCES), appellant.

Bond, Schoeneck & King PLLC, Garden City, NY (Howard M. Miller and Hilary Moreira of counsel), for appellant.
Sussman and Associates, Goshen, NY (Jonathan R. Goldman of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Orange-Ulster Board of Cooperative Educational Services (BOCES) dated November 2, 2020, which terminated the petitioner's employment as a paraprofessional, the Orange-Ulster Board of Cooperative Educational Services (BOCES) appeals from a judgment of the Supreme Court, Orange County (Craig Stephen Brown, J.), dated June 4, 2021. The judgment granted the petition, annulled the determination, and directed the Orange-Ulster Board of Cooperative Educational Services (BOCES) to restore the petitioner to her employment status as it existed prior to the effective date of the determination and to continue such status in accordance with Civil Service Law § 71.
ORDERED that the judgment is affirmed, with costs.
In October 2018, the petitioner was working as a paraprofessional for the Orange-Ulster Board of Cooperative Educational Services (BOCES) (hereinafter BOCES) in an elementary classroom setting for children with severe developmental disabilities when a student attacked her and caused injuries to her. The petitioner was initially able to return to work after her injuries, but she stopped coming to work at the end of September 2019. One year later, in October 2020, BOCES notified the petitioner of its intention to terminate the petitioner's employment under Civil Service Law § 71. The petitioner sent a letter in response contesting the termination of her employment on the ground that she was the victim of an assault at work and was therefore entitled to at least two years of leave before her employment was terminated under Civil Service Law § 71. BOCES then [*2]made the following determination by letter dated November 2, 2020: "This letter will serve as official notification that we have received your dispute of our findings to terminate your position based on New York Civil Service Law Section 71. Your dispute of this matter has been reviewed and is being denied. Your position has been terminated effective October 30, 2020."
The petitioner thereafter commenced this proceeding pursuant to CPLR article 78 to annul the determination dated November 2, 2020, and to restore her to her employment status as it existed prior to that determination. BOCES answered and proffered evidence explaining for the first time that it did not consider the petitioner's injuries to have been the result of an assault sustained in the course of her employment, as would be required for her to be entitled to two years of leave under Civil Service Law § 71. In a judgment dated June 4, 2021, the Supreme Court granted the petition, annulled the determination, and directed BOCES to restore the petitioner to her employment status as it existed prior to the effective date of the determination and to continue such status in accordance with Civil Service Law § 71. BOCES appeals.
"The standard of judicial review in the instant proceeding pursuant to CPLR article 78 is whether the action was arbitrary and capricious, an abuse of discretion, in violation of a lawful procedure, or affected by an error of law" (Matter of Still v City of Middletown, 133 AD3d 864, 865; see CPLR 7803[3]). "'Administrative action is arbitrary when it is without a sound basis in reason and is taken without regard to the facts'" (C.F. v New York City Dept. of Health & Mental Hygiene, 191 AD3d 52, 69, quoting Wander v St. John's Univ., 147 AD3d 1009, 1010; see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230-232). Here, BOCES's determination to terminate the petitioner's employment was conclusory and lacked a factual basis. Accordingly, the Supreme Court properly granted the petition, annulled the determination, and directed BOCES to restore the petitioner to her employment status as it existed prior to the effective date of the determination.
In reaching our determination, we have not considered material submitted or references in the parties' briefs to matter dehors the administrative record (see Matter of Scott v Westchester County, 204 AD3d 807, 809).
IANNACCI, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court