Transelco, Inc. v Sunrise Jewelers of NY, Inc. (2025 NY Slip Op 07037)

Transelco, Inc. v Sunrise Jewelers of NY, Inc.

2025 NY Slip Op 07037

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-03755
 (Index No. 1140/14)

[*1]Transelco, Inc., respondent, 
vSunrise Jewelers of NY, Inc., defendant, Navid Ahadian, appellant.

Navid Ahadian, Rego Park, NY, appellant pro se.

DECISION & ORDER
In an action, inter alia, to recover payment for goods sold and delivered, the defendant Navid Ahadian appeals from an order of the Supreme Court, Nassau County (Conrad D. Singer, J.), entered January 24, 2023. The order denied that defendant's motion to vacate so much of a judgment of the same court entered August 30, 2016, as, upon an order of the same court (Jeffrey S. Brown, J.) entered April 6, 2016, inter alia, granting that branch of the plaintiff's motion which was for leave to enter a default judgment against that defendant, and upon an inquest on the issue of damages, was in favor of the plaintiff and against that defendant in the total sum of $100,096.04.
ORDERED that the order entered January 24, 2023, is affirmed, without costs or disbursements.
The plaintiff commenced this action against the defendants Navid Ahadian and Sunrise Jewelers of NY, Inc. (hereinafter Sunrise), inter alia, to recover an outstanding balance of $55,122 for goods sold to the defendants and to recover on a personal guaranty. The defendants interposed an answer on or about April 18, 2014.
After the defendants' answer was stricken, the plaintiff moved for leave to enter a default judgment against the defendants. In an order entered April 6, 2016, the Supreme Court granted the motion and directed an inquest on the issue of damages. Following the inquest, a judgment was entered on August 30, 2016, in favor of the plaintiff and against the defendants in the total sum of $100,096.04.
Ahadian moved, by order to show cause, to vacate so much of the judgment as was entered against him. In the executed order to show cause, the Supreme Court directed Ahadian to serve the plaintiff by "personal delivery pursuant to [the] CPLR on or before" September 14, 2022, to serve the plaintiff's counsel and Sunrise's counsel by overnight mail on or before September 12, 2022, and to file proof of service with the court on or before the return date. The plaintiff opposed the motion, contending, among other things, that Ahadian had failed to comply with the service directives as set forth in the order to show cause since the plaintiff's counsel had not been served. In an order entered January 24, 2023, the court denied Ahadian's motion. The court noted that Ahadian had failed to comply with the service directives as set forth in the order to show cause since he never filed proof of service with the court, and the plaintiff's counsel affirmed that he was never served with the order to show cause. Ahadian appeals.
"[T]he mode of service provided for in [an] order to show cause is jurisdictional in nature and must be literally followed" (Gonzalez v Haniff, 144 AD3d 1087, 1088 [internal quotation marks omitted]; see Boucan NYC Café, LLC v 467 Rogers, LLC, 168 AD3d 904, 904). "The failure to give proper notice of a motion deprives the court of jurisdiction to hear the motion" (Gonzalez v Haniff, 144 AD3d at 1088; see Boucan NYC Café, LLC v 467 Rogers, LLC, 168 AD3d at 904). Here, since Ahadian failed to comply with the service directives in the order to show cause and failed to file proof of service with the Supreme Court as directed therein, the court was without jurisdiction to entertain the motion (see Boucan NYC Café, LLC v 467 Rogers, LLC, 168 AD3d at 904; Matter of Stern v Garfinkle, 22 AD3d 694, 695). Ahadian's claims that certain parties were served with the order to show cause on September 9, 2022, by overnight mail, improperly reference matters that are dehors the record of this appeal and cannot be considered (see CPLR 5526; Matter of Van Dunk v Orange-Ulster Bd. of Coop. Educ. Servs. [BOCES], 219 AD3d 1434, 1436; Navarro v Ortiz, 203 AD3d 834).
In light of our determination, we need not address Ahadian's remaining contention, which, in any event, is not properly before us.
DILLON, J.P., WARHIT, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court