Matter of DeFonte v New York City Fire Dept. (2026 NY Slip Op 00770)

Matter of DeFonte v New York City Fire Dept.

2026 NY Slip Op 00770

Decided on February 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
LILLIAN WAN
PHILLIP HOM, JJ.

2023-08275
 (Index No. 85036/23)

[*1]In the Matter of Vincent DeFonte, respondent, 
vNew York City Fire Department, et al., appellants.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Claude S. Platton, Ingrid R. Gustafson, and Janet L. Zaleon of counsel), for appellants.
Christana Martinez, Staten Island, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the City of New York Reasonable Accommodation Appeals Panel dated October 24, 2022, which upheld a determination of the New York City Fire Department dated December 8, 2021, denying the petitioner's request for a reasonable accommodation from a vaccine mandate based on his religion, the New York City Fire Department and the City of New York appeal from a judgment of the Supreme Court, Richmond County (Ralph J. Porzio, J.), entered June 28, 2023. The judgment granted the petition, annulled the determination dated October 24, 2022, directed that the petitioner was entitled to a religious exemption from the vaccine mandate, and awarded the petitioner back pay and attorneys' fees.
ORDERED that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.
In November 2021, the petitioner, a firefighter employed by the New York City Fire Department (hereinafter the FDNY), was placed on leave without pay status for noncompliance with a COVID-19 vaccine mandate implemented for employees of the City of New York in October 2021. On November 5, 2021, the petitioner submitted a request for a reasonable accommodation from the vaccine mandate based on his religion. On December 8, 2021, the FDNY denied the petitioner's request. Thereafter, the petitioner appealed from the FDNY's denial of his request. In an email dated January 7, 2022, the FDNY provided the petitioner with supplemental information regarding the denial of his request for a reasonable accommodation. In a determination dated October 24, 2022, the City of New York Reasonable Accommodation Appeals Panel (hereinafter the Panel) upheld the FDNY's denial of the petitioner's request for a reasonable accommodation.
On February 12, 2023, the petitioner commenced this proceeding pursuant to CPLR article 78 against the FDNY and the City (hereinafter together the appellants) to annul the determination dated October 24, 2022, to be reinstated to his position with the FDNY with a reasonable accommodation, to recover back pay for the period during which he was on leave without pay, and for an award of attorneys' fees. Subsequently, the FDNY reinstated the petitioner to his position on March 1, 2023, after the New York City Board of Health amended the vaccine mandate on February 9, 2023, inter alia, by repealing the requirement that City employees without proof of [*2]vaccination be excluded from their work premises.
In an order dated April 27, 2023, the Supreme Court determined that the denial of the petitioner's reasonable accommodation request was made in violation of lawful procedure because the appellants failed to engage in a cooperative dialogue with the petitioner, as required under the New York City Human Rights Law (NYCHRL). The court also determined that the denial of the petitioner's reasonable accommodation request was arbitrary and capricious. In a judgment entered June 28, 2023, the court granted the petition, annulled the determination dated October 24, 2022, directed that the petitioner was entitled to a religious exemption from the vaccine mandate, and awarded the petitioner back pay and attorneys' fees. This appeal ensued.
"'The standard of judicial review in the instant proceeding pursuant to CPLR article 78 is whether the action was arbitrary and capricious, an abuse of discretion, in violation of [a] lawful procedure, or affected by an error of law'" (Matter of Van Dunk v Orange-Ulster Bd. of Coop. Educ. Servs. [BOCES], 219 AD3d 1434, 1436, quoting Matter of Still v City of Middletown, 133 AD3d 864, 865). "'Administrative action is arbitrary when it is without a sound basis in reason and is taken without regard to the facts'" (id. [internal quotation marks omitted], quoting C.F. v New York City Dept. of Health & Mental Hygiene, 191 AD3d 52, 69). Here, the Panel's determination had a sound basis because the requested accommodation would cause an undue hardship on the FDNY (see Administrative Code of City of NY § 8-107[3][b]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231; Matter of Lebowitz v Board of Educ. of the City Sch. Dist. of the City of N.Y., 220 AD3d 537, 537; Matter of Marsteller v City of New York, 217 AD3d 543, 544).
Further, the petitioner failed to establish that the City's process for resolving requests for accommodations from the vaccine mandate fell short of the requirements of the NYCHRL. The NYCHRL makes it an "unlawful discriminatory practice for an employer . . . to refuse or otherwise fail to engage in a cooperative dialogue . . . with a person who has requested an accommodation" (Administrative Code of City of NY § 8-107[28][a]; see Alvarez v New York City Tr. Auth., 230 AD3d 541, 542; Matter of Marsteller v City of New York, 217 AD3d at 545). Here, the City publically offered information on its process for reviewing accommodation requests related to the vaccine mandate and informed employees on how to apply to their agency's equal employment opportunity office and how to appeal denials. The petitioner availed himself of this process, communicating with the FDNY throughout the administrative appeals process. The appellants also submitted evidence about the volume of requests for accommodations to the vaccine mandate from FDNY employees alone, which the City had to resolve under a constrained timeline during an evolving public emergency. Under these circumstances, the petitioner failed to establish that the NYCHRL "required a more robust or individualized dialogue than the process he received" (Matter of Marsteller v City of New York, 217 AD3d at 545; see Matter of Ansbro v Nigro, 235 AD3d 525, 525; Matter of Lebowitz v Board of Educ. of the City Sch. Dist. of the City of N.Y., 220 AD3d at 538; Matter of Hogue v Board of Educ. of the City Sch. Dist. of the City of N.Y., 220 AD3d 416, 417).
The parties' remaining contentions either are without merit, are academic, or need not be reached in light of our determination.
Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding.
BARROS, J.P., WARHIT, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court